UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHERNARD C. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Nos: 1:07-CV-305 |
| v. ) | 1:08-CV-255 |
| ) | |
| MOCCASIN BEND MENTAL HOSPITAL, ) | |
| CYNTHIA HONEYCUTT, NANCY ) | |
| HOOPER, CHARLYNNE PARSON, ) | Chief District Judge Curtis L. Collier |
| ROB CATHERMAN, JANET WILLIAMS, ) | |
| ABIGAIL HAMMONDS, WILLIAM ) | |
| VENTRESS, HOLLY METCALF, TERRY ) | |
| JONES, DOUGLAS BENNETT, SONNY ) | |
| SLATER, SCOTT LINDSAY, and ) | |
| TENNESSEE CIVIL SERVICE ) | |
| COMMISSION, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM</u>**

Before the Court are motions to dismiss filed by Defendants Moccasin Bend (Court File No. 47) and the Tennessee Civil Service Commission (Court File No. 65). Plaintiff Shernard Stewart responded to the Moccasin Bend motion to dismiss (Court File No. 51), to which Moccasin Bend replied (Court File No. 56). Plaintiff also responded to the motion to dismiss filed by the Tennessee Civil Service Commission (Court File No. 72). In addition, Plaintiff has been unusually prolific in filing motions with this court. Currently pending before the Court are Plaintiff's motion requesting the court to set a hearing date (Court File No. 30), Plaintiff's request for entry of default (Court File No. 60), Plaintiff's motion for default judgment as to William Ventress (Court File No. 71), Plaintiff's motion for judgment as a matter of law (Court File No. 74), Plaintiff's motion for default judgment as to the Tennessee Civil Service Commission (Court File No. 75), Plaintiff's motion for

an order granting reinstatement with back pay (Court File No. 77), and Plaintiff's motions for summary judgment (Court File Nos. 79, 85, 89).

For the following reasons, Defendants' motions to dismiss will be **DENIED** (Court File Nos. 47, 65). Plaintiff's motions will also be **DENIED** (Court File Nos. 30, 60, 71, 74, 75, 77, 79, 85, 89).

I.  **FACTS**

Plaintiff Shernard Stewart ("Stewart") filed a pro se complaint against his former employer, Moccasin Bend Mental Hospital, and certain Moccasin Bend employees ("Moccasin Bend") (Court File No. 5). The Court previously determined the individuals served in the lawsuit were being sued in their official, rather than individual, capacities (Court File No. 29). In a separate action, Plaintiff filed a claim against the Tennessee Civil Service Commission ("TCSC") (1:08-CV-255, Court File No. 4), which the Court consolidated with the current action (1:08-CV-255, Court File No. 5). The action appears to stem from an employment dispute between Stewart and Moccasin Bend, his former employer, which resulted in a decision by TCSC. Stewart alleges several violations of state and federal law resulting from his treatment and eventual termination by Moccasin Bend.

In his complaint, Stewart states the allegations as discrimination, harassment, violation of the Family and Medical Leave Act ("FMLA"), unfair treatment, slander, discharge, violation of state police and procedures, and violation of civil rights (Court File No. 5). In addition, Plaintiff has filed several exhibits supporting his complaint (Court File Nos. 5, 32, 33). As the Court previously determined (Court File No. 29), Plaintiff appears to be seeking relief under Title VII of the Civil Rights Act, the Tennessee Human Rights Act, the FMLA, civil rights laws pursuant to 42 U.S.C.

2

§ 1983, and state defamation laws. According to his consolidated complaint, which the Court found was meant to amend his original complaint, Plaintiff also alleges violations of the Americans with Disabilities Act ("ADA").

## II. DISCUSSION

Defendants submit similar arguments for dismissal under Fed. R. Civ. P. 12(b)(1) and (6). Thus, the Court will consider these motions together. Plaintiff has filed numerous motions in this case, which will be addressed in turn.

### A. Subject Matter Jurisdiction

If subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), the party asserting jurisdiction bears the burden of establishing it. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Defendants assert the Court lacks subject matter jurisdiction because Moccasin Bend and TCSC are entitled to federal court immunity. Although the plaintiff generally bears the burden of proving federal subject matter jurisdiction in response to a 12(b)(1) motion, the entity claiming sovereign immunity under the Eleventh Amendment bears the burden of proving its entitlement to immunity. *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002).

Under the Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." The withdrawal of jurisdiction equals an immunity from suit. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). This immunity has been extended to suits brought in federal court by an unconsenting State's own

3

citizens as well as citizens of another State. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Congress may abrogate a State's Eleventh Amendment immunity. *Id.* In addition, a State is free to waive its immunity from suit in federal court. *Lapides v. Bd. of Regents*, 535 U.S. 613, 618 (2002). However, absent waiver or abrogation, a State retains its Eleventh Amendment immunity in federal court.

Federal court immunity does not attach if the lawsuit is not against the State or an "arm of the State." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Since the State of Tennessee is not a party in this action, Eleventh Amendment immunity must rest on the defendants being arms of the state. In determining whether an entity is an "arm of the State," the Court of Appeals for the Sixth Circuit considers the following factors: "(1) whether the state would be responsible for a judgment against the entity in question; (2) how state law defines the entity; (3) what degree of control the state maintains over the entity; and (4) the source of the entity's funding." *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir. 2005) (citing *S.J. v. Hamilton County*, 374 F.3d 416, 420 (6th Cir. 2004)).

As previously noted, the entity claiming federal court immunity bears the burden of proving it is entitled to protection under the Eleventh Amendment. *Gragg*, 289 F.3d at 963. Defendants utterly failed to address why they are entitled to immunity. In *Gragg*, the Sixth Circuit held defendants had waived the defense of Eleventh Amendment immunity where the record did not establish they were arms of the state. *Id.* While a finding of waiver is not appropriate in this case, where Defendants clearly intend to support the immunity argument, the Court cannot consider the merits of the assertion where Moccasin Bend and TCSC have not even begun to meet their burden on a material prerequisite to the defense of Eleventh Amendment immunity.

Furthermore, the Court notes Congress has constitutionally abrogated the State's Eleventh

4

Amendment immunity from suits under the FMLA's family-leave provision, 29 U.S.C. § 2612(a)(1)(C), *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 740 (2003), violations of Title VII, *Freeman v. Michigan Dep't of State*, 808 F.2d 1174, 1176 (1987), *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976), and the ADA, *United States v. Georgia*, 546 U.S. 151, 159 (2006). Thus, even if Defendants are able to assert sovereign immunity, the Court would retain subject matter jurisdiction over these federal claims.

### B. Claim Upon Which Relief Can Be Granted

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

The Court finds Plaintiff's complaint against Moccasin Bend plausible on its face and should not be dismissed for failure to state a claim. The Court reads pro se filings liberally, although pro

5

se plaintiffs are ultimately held to the same standard as plaintiffs represented by counsel. Plaintiff's complaint, along with the attached exhibits, which the Court considers part of the complaint, are sufficient to present claims that are plausible on their face (Court File Nos. 5, 32, 33). To the extent Defendants are confused as to Plaintiff's allegations, the appropriate response is a Fed. R. Civ. P. 12(e) motion for a more definite statement.

Plaintiff's complaint against TCSC appears to allege constitutional violations of due process and equal protection, violation of Title VII, and violation of the ADA as a result of an administrative proceeding (1:08-CV-255, Court File No. 4). The Court does not assess the merits of the allegations or the likelihood of success at the pleadings stage. However, to the extent Plaintiff wishes to recover from TCSC for violations of Title VII, he fails to state a claim upon which relief can be granted as he makes no allegation TCSC was his employer.

### C. Request for a Hearing

Plaintiff's request to set a hearing date (Court File No. 30) is denied. The Court will set a trial date when the parties meet for a scheduling conference.

### D. Motion for Entry of Default

Plaintiff requested entry of default or default judgment against Moccasin Bend (Court File No. 60), William Ventress (Court File No. 71), and TCSC (Court File No. 75). The entry of default against a party is appropriate only where the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As all Defendants in this action have appeared and filed motions and responses, entry of default is inappropriate.

### E. Motion for Order of Reinstatement with Backpay

Plaintiff filed a motion requesting the Court find he was wrongfully discharged and order

6

him reinstated with backpay (Court File No. 77). The Court construes this motion as a request for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). The Sixth Circuit has directed district courts to consider four factors in ruling on preliminary injunctions: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997). Regarding the first factor, due to the jurisdictional dispute and the Defendants' claim that sovereign immunity will bar most of Plaintiff's allegations, at this time, Plaintiff has not demonstrated a strong likelihood of success on the merits. Secondly, Plaintiff asserts only health insurance payments as an ongoing harm. Since Plaintiff could recover monetary damages to cover these payments, should he succeed in his case, this is not an irreparable harm. Thirdly, the issuance of the injunction could cause substantial harm to Moccasin Bend since it would interfere with Moccasin Bend's right not to contract by forcing them to employ Plaintiff prior to a determination the termination violated the law. Finally, no public interest would be served by the issuance of an injunction since the effects of the employment dispute are contained within the parties. For the foregoing reasons, a preliminary injunction would be inappropriate in this case.

**F.      Summary Judgment**

Plaintiff filed numerous motions for summary judgment (Court File Nos. 74, 79, 85, 89). Although within the time frame established by Fed. R. Civ. P. 56, because the parties have not engaged in discovery that would establish the non-existence of a dispute as to material facts, the Court will deny these motions without prejudice.

7

Case 1:07-cv-00305-WBC   Document 91   Filed 02/23/09   Page 7 of 8   PageID #: 576

### III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendants' and Plaintiff's motions without prejudice. The parties may renew their motions when they can adequately support them.

An Order shall enter.

                                    **/s/**
                                    **CURTIS L. COLLIER**
                                    **CHIEF UNITED STATES DISTRICT JUDGE**