UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| SHERNARD C. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MOCCASIN BEND MENTAL HOSPITAL, ) | Case No. 1:07-cv-305 |
| CYNTHIA HONEYCUTT, NANCY HOOPER, ) | Magistrate Judge Carter |
| CHARLYNNE PARSON, ROB CATHERMAN, ) | |
| JANET WILLIAMS, ABIGAIL HAMMONDS, ) | |
| WILLIAM VENTRESS, HOLLY METCALF, ) | (Lead Case) |
| TERRY JONES, DOUGLAS BENNETT, ) | |
| SONNY SLATER, SCOTT LINDSAY ) | |
| ) | |
| Defendants. ) | |
| ) | Consolidated |
| ) | |
| SHERNARD C. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | Case No. 1:08-cv-255 |
| TENNESSEE CIVIL SERVICE COMMISSION, ) | Magistrate Judge Carter |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM and ORDER

I. Introduction

Before the Court is the second motion to dismiss [Doc. 106] by Moccasin Bend Mental

Hospital (Moccasin Bend); and Cynthia Honeycutt, Nancy Hooper, Charlynne Parson, Rob

Catherman, Janet Williams, Abigail Hammonds, William Ventress, Holly Metcalf, Terry Jones,

Douglas Bennett, Sonny Slater, and Scott Lindsay (referred to collectively as "individual

1

defendants"); and the Tennessee Civil Service Commission (the Commission). The plaintiff has filed a response to the motion [Doc. 109] and a supplemental response [Doc. 113].

For the reasons stated in this Memorandum and Order, the defendants' second motion to dismiss is GRANTED in part and RESERVED in part.

## II. Background

Plaintiff Shernard Stewart filed a *pro se* complaint against his former employer, Moccasin Bend, and certain Moccasin Bend employees in Case No. 1:07-cv-305. In a separate action, Plaintiff filed a claim against the Commission in Case No. 1:08-cv-255 which the Court consolidated with Case No. 1:07-cv-305. This consolidated action appears to stem from Moccasin Bend's termination of the plaintiff's employment and the subsequent decision by the Commission to uphold the termination. The complaints from Case No. 1:07-cv-305 and Case No. 1:08-cv-255 are considered together as the consolidated complaint.

In his complaint against Moccasin Bend and the individual defendants filed in Case No. 1:07-cv-305, Stewart summarily states the allegations as "Discrimination, Harassment, Violation of F.M.L.A (the Family Medical Leave Act), unfair treatment, Slander, Discharge –Of [sic] False Statement, Retribution, Violation of State Policy and Procedures, and Violation of THRC & EEOC, Violation of Civil Rights." (Doc. 5, Case No. 1:07-cv-305). For the factual basis of his claims, the plaintiff states:

> Allegation of being angry, verbally abusive, conduct that reasonably could be construed as a direct threat [sic]. Discrimination, Harassment, Violation of F.M.L.A., unfair treatment, Slander, discharge, violation of the state policy and procedures "Employee Handbook" Improper investigation – For The Work Place Harrassement [sic] Complaint "March 29, 2007, Violation - THRC & EEOC Violation of Civil Rights, Pain, Suffering.

(Plaintiff's Complaint, Case No. 1:07-cv-305, Doc. 5). The plaintiff seeks damages and reinstatement. Based on the facts presented in this complaint alone, it is impossible to understand the basis for the plaintiff's claims.

The plaintiff's Complaint filed in Case No. 1:08-cv-255 is brought against the Commission. The plaintiff states in this complaint

> I had been terminated in Feb 23, 2007 and appealed my discharge though the appeals process up through the Civil Service Commission. The hearing was held on Aug 3, 8, 9, 2008, but the Commission withheld information that would reinstate me by leaving out me and my witness. The Commission do not [sic] render a decision until July 18, 2008. I believe this is a continuance of the harassment and ongoing retaliation of my former employer (Moccasin Bend) in violation of Title VII of the Civil Rights Act of 1964 as amended and Title I of the Americans with Disabilities Act of 1990.

(Doc. 4, Case No. 1:08-cv-255). Plaintiff further states in his complaint:

> Had a [sic] unfair Due Process by [sic] (Mr. William Ventress) CEO. The Civil Service do not [sic] make the right ruling of Facts and Law ... Discharge off [sic] hearsay (Never being suspended or wrote up [sic] warning [sic] Fact Grievance matter was never investigated even thought [sic] I file [sic] grievances on each complaints July 20, 2006, Nov. 14, 2006, Feb. 1, 2007 and Feb 15 and also Feb 23, 2009 the day of my discharge. Fact. [sic] On Oct. 15, 2008 Civil Commission upheld discharge hearing in Nashville 1:30 p.m.

(Doc. 4, Case No. 1:08-cv-255). The plaintiff seeks reinstatement to his job at Moccasin Bend and monetary damages. These allegations alone do not reveal much about the basis of the plaintiff's claims against the Commission.

### III. Discussion

The defendants argue that the consolidated complaint fails to make the factual allegations necessary to state a claim for the many causes of action plaintiff attempts to assert and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants also argue Moccasin

3

Bend and the Commission are state agencies and therefore have Eleventh Amendment immunity for most of the causes of action asserted against them by the plaintiff.

The defendants previously filed a motion to dismiss on the basis of Eleventh Amendment immunity, but the Court denied the motion without prejudice on the ground that the defendants had failed to come forward with evidence to show that they are state agencies entitled to Eleventh Amendment immunity. The defendants have subsequently filed this motion to dismiss reasserting Eleventh Amendment immunity. The Court shall address the Eleventh Amendment immunity argument first.

### A.  Eleventh Amendment Immunity

Although the plaintiff generally bears the burden of proving federal subject matter jurisdiction in response to a motion brought under Fed. R. Civ. P. 12(b)(1), the entity claiming sovereign immunity under the Eleventh Amendment bears the burden of proving its entitlement to such immunity. *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002).

Under the Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." The withdrawal of jurisdiction equals an immunity from suit. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). This immunity has been extended to suits brought in federal court by an unconsenting State's own citizens as well as citizens of another State. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Congress may abrogate a State's Eleventh Amendment immunity. *Id.* In addition, a State is free to waive its immunity from suit in federal court. *Lapides v. Bd. of Regents*, 535 U.S.

4

613, 618 (2002). However, absent waiver or abrogation, a State retains its Eleventh Amendment immunity in federal court. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam).

Eleventh Amendment immunity does not attach if the lawsuit is not against the State or an "arm of the State." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Since the State of Tennessee is not a party in this action, Eleventh Amendment immunity must rest on the defendants being arms of the state. In determining whether an entity is an "arm of the State," the Court of Appeals for the Sixth Circuit considers the following factors: "(1) whether the state would be responsible for a judgment against the entity in question; (2) how state law defines the entity; (3) what degree of control the state maintains over the entity; and (4) the source of the entity's funding." *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir. 2005) (citing *S.J. v. Hamilton County*, 374 F.3d 416, 420 (6th Cir. 2004)).

In support of their motion to dismiss based on Eleventh Amendment immunity, defendants have submitted the affidavit of Robert Grunlow, Deputy Commissioner of the Tennessee Department of Mental Health and Developmental Disabilities (TDMHDD). According to Mr. Grunlow, the TDMHDD is the State of Tennessee's mental health, substance abuse, and developmental disabilities authority. (Grunlow aff. at ¶¶ 2 and 4). The TDMHDD is responsible for the coordination, administration and evaluation of state and federally funded services "for persons of all ages who have mental illness, serious emotional disturbance, or developmental disabilities." Tenn. Code Ann. § 33-2-201. Programs operating under the direction of the TDMHDD are subject to an appropriation of funds received from the Tennessee General Assembly. Tenn. Code Ann. § 33-1-204. The TDMHDD is authorized by state law to maintain and operate facilities and to make and enforce rules that are necssary for the efficient

5

financial management and lawful operation of facilities. Tenn. Code. Ann. § 33-1-302(a)(3)-(4). Moccasin Bend Mental Hospital[1] is one of five regional mental institutes operated by TDMHDD. (Grunlow aff. at ¶ 5). Any judgment against Moccasin Bend would be paid by the State of Tennessee. (Grunlow aff. at ¶ 8). Based on this information, the Court concludes Moccasin Bend is an arm of the State of Tennessee and is therefore entitled to Eleventh Amendment immunity.

This Court previously determined the individuals served in the lawsuit, all employees of Moccasin Bend, are being sued in their official, rather than individual, capacities (Doc. 29). A claim against a government employee in his or her official capacity constitutes a claim against the governmental entity itself and cannot be maintained independently from the claim against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Culberson v. Doan*, 125 F. Supp.2d 252, 273 (S.D. Ohio 2001). "Official capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 273 (quoting *Monell,* 436 U.S. at 690-91). Thus, the plaintiff's claims against the individual defendants constitute claims against Moccasin Bend itself which is, as previously stated, entitled to Eleventh Amendment immunity.

As for the Commission, it is established by Tenn. Code. Ann. § 8-30-101 et *seq.* Tennessee law gives it the authority to hear civil service appeals brought pursuant to state statutes and regulations and such an appeal is the final step in the grievance procedure for a state employee. Tenn. Code. Ann. § 8-30-108. Accordingly, the Court concludes the Commission is also an arm of the State of Tennessee and is entitled to Eleventh Amendment immunity.

---

[1]Mr. Grunlow states the correct name for this defendant is Moccasin Bend Mental Health Institute.

6

Case 1:07-cv-00305-WBC   Document 118   Filed 07/24/09   Page 6 of 13   PageID #: 972

The State of Tennessee has not consented to be sued under state or federal causes of action in federal court. *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (holding Tennessee has not waived Eleventh Amendment immunity); *accord Reid v. State of Tennessee*, 1995 WL 619964 *1 (6th Cir. Oct. 20, 1995); *Reid v. Purkey*, 2007 WL 646370 *3 (E.D. Tenn. Feb. 26, 2007). Thus, to the extent that the plaintiff seeks to assert any state causes of action against the defendants in federal court, they are barred by the State of Tennessee's sovereign immunity under the Eleventh Amendment to the United States Constitution. Further, all federal causes of action brought in federal court against the State of Tennessee are also barred by the Eleventh Amendment unless Congress has specifically and validly abrogated Eleventh Amendment immunity. *Id.*

In the instant case, it appears the plaintiff seeks to bring federal claims against the State of Tennessee under the following federal law: Title VII of the Civil Rights Act of 1964 (Title VII) The Family and Medical Leave Act (FMLA), and Title I of the Americans with Disabilities Act of 1990 (ADA). Plaintiff also appears to allege procedural due process violations under the Fourteenth Amendment arising from the administrative proceedings before the Commission. Plaintiff seeks reinstatement and monetary damages.

Congress has not validly abrogated Eleventh Amendment immunity to the States for claims seeking monetary damages brought under Title I of the ADA. *Board of Trs. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363-74 & n. 9 (2001); *Dedinger v. Ohio*, 2006 WL 3311284 *5 (6th Cir. Nov. 14, 2006); *Gentry v. Summit Behavioral Healthcare*, 2006 WL 2567459 * 2 (6th Cir. Sept. 5, 2006). Thus, plaintiff's claims for damages against defendants under Title I of the ADA are barred by the Eleventh Amendment. On the other hand, Eleventh

Amendment immunity does not apply to claims brought against state officials in their official capacity seeking prospective injunctive relief. *Ex Parte Young*, 209 U.S. 123 (1908); *Carten v. Kent State University*, 282 F.3d 391, 395 (6th Cir. 2002). "Claims for reinstatement are prospective in nature and appropriate subjects for *Ex Parte Young* actions." *Carten*, 282 F.3d at 396 (student requested reinstatement under Title II of the ADA to university after expulsion); *Turker v. Ohio Dept. of Rehabilitation,* 157 F.3d 453, 460 (6th Cir. 1998) ("Of course, reinstatement to a job position clearly falls within the purview of prospective equitable relief.") Thus, plaintiff's claim under Title I of the ADA against a state official for reinstatement to his job is not barred by the Eleventh Amendment.

Congress has validly abrogated Eleventh Amendment immunity for claims brought against States under the family care provision of the FMLA. *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721 (2003). The family care provision entitles employees to take leave to care for family members. *See* 29 U.S.C. § 261(a)(1)(C). Thus, to the extent the plaintiff brings a claim under the family care provision, this claim also survives sovereign immunity. On the other hand, Eleventh Amendment immunity bars claims for damages brought against a state under the self-care provision of the FMLA. *Touvell v. Ohio Dept. of Mental Retardation and Developmental Disabilities*, 422 F.3d 392 (6th Cir. 2005). The self-care provision of the FMLA entitles employees to take leave to care for themselves. *See* 29 U.S.C. § 261(a)(1)(D). Thus, to the extent that the plaintiff brings a claim for damages against the state under the self-care provision of the FMLA, it is barred. On the other hand, a claim for reinstatement brought under the self-care provision of the FMLA falls under the *Ex Parte Young* exception to Eleventh Amendment immunity, and is not barred.

Congress has validly abrogated Eleventh Amendment immunity for claims brought against states under Title VII of the Civil Rights Act of 1964. *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976); *Local No. 1903 of Inter'l Union, United Auto., Aerospace and Agricultural Implement Workers of America, UAW v. Bear Archery*, 617 F.2d 157, 159 (6th Cir. 1980). Thus plaintiff's Title VII claim also survives Eleventh Amendment immunity.

Finally, to the extent the plaintiff brings any due process claims under the Fourteenth Amendment of the United States Constitution seeking damages, those claims must be brought under 42 U.S.C. § 1983. Section 1983 is the mechanism by which a person may bring a claim to recover damages from an entity or person acting under color of law for violations of rights protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Wilson v. Garcia*, 471 U.S. 261, 278 (1985). However, Section 1983 creates no remedy against a state. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 526 (6th Cir. 2004). Thus, the plaintiff cannot maintain a claim for damages against the defendants for alleged violations of plaintiff's due process rights provided under the Fourteenth Amendment. However, plaintiff also seeks reinstatement to his job. To the extent plaintiff seeks reinstatement to his job at Moccasin Bend as a remedy for due process violations in a claim brought against a state official under the Fourteenth Amendment to the United States Constitution, such a claim is not barred by the Eleventh Amendment. *Ex Parte Young*, 209 U.S. 123 (1908); *Carten v. Kent State University*, 282 F.3d 391, 395 (6th Cir. 2002).

In sum, after applying Eleventh Amendment immunity, only the following claims can remain:

1)      a claim for reinstatement brought against one or more state officials under the ADA;

2)      a claim for money damages and reinstatement brought against defendants under the family care provision of the FMLA;

3)      a claim for reinstatement brought against one or more state officials under the self-care provision of the FMLA;

4)      a claim for money damages and reinstatement brought against defendants under Title VII; and

5)      a claim for reinstatement brought against one or more state officials alleging due process violations of the Fourteenth Amendment.

**B. Federal Rule of Civil Procedure 8(a) - A Short and Plain Statement of the Claim**

The defendants argue that any claims which survive Eleventh Amendment sovereign immunity must be dismissed for failure to state a claim under Fed. R. Civ. P. 12 because the plaintiff's consolidated complaint fails to adequately set forth those claims. Defendants undertake some detailed analysis in their brief.

Even if the Court gives the plaintiff considerable leeway in reviewing his complaint because the plaintiff is representing himself, the complaint in general falls short of meeting the required standards of setting forth adequate claims. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 - 1953. However, the Court notes that the District Court declined to grant the defendants' first motion to dismiss, which was based on many of the same grounds as those raised by this second motion, in order to give the defendants the opportunity to come forward with evidence relating to Eleventh Amendment immunity. In doing so, the Court also stated it found "Plaintiff's complaint against Moccasin Bend plausible on its face and should not be dismissed for failure to state a claim." The District Court, at that point in the litigation, also considered the exhibits

10

attached to the consolidated complaint as well as the numerous other documents plaintiffs filed in the court record, *i.e.* Docs. 5, 32, and 33, as part of the complaint in declining to grant the first motion to dismiss. (*See* February 23, 2009 Memorandum at 6, Doc. 91). Such language may have given the plaintiff the incorrect impression that the Court would not revisit the issue of the adequacy of his pleadings. Therefore, the Court concludes that the plaintiff is entitled to notice that his claims are subject to dismissal if they fail to adequately set forth facts sufficient to support his claims and that the Court will not consider the numerous documents that he has filed in the Court record as part of his complaint.

Presently, the plaintiff's consolidated complaint is very difficult to understand. The plaintiff seems to assume, incorrectly, that the Court is aware of many facts and incidents which form the basis of his lawsuit, and therefore, the plaintiff has left this information out of his consolidated complaint. The Court has a very incomplete picture of what the plaintiff believes the defendants did or did not do which led him to file this lawsuit. The plaintiff has filed numerous documents with the Court, but the Court cannot comb through these documents and try to piece together the plaintiff's claims from them. These documents are not part of the consolidated complaint, *see* Fed. R. Civ. P. 8(a), and the Court will not consider them in reviewing the adequacy of the plaintiff's consolidated complaint. Since the Court may have given the plaintiff the incorrect impression that the extraneous documents he filed in the Court record would be considered as part of the complaint, the Court will give the plaintiff time to amend his consolidated complaint in order to add factual allegations. *See Friedman v. Campbell*, 1999 WL 1045281 *1 (6th Cir. Nov. 8, 1999) "(It is incumbent on the court to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their

dismissal on technical grounds."); *see also Barreto v. Dillon*, 2007 WL 4102742, * 1 (2d Cir. Nov.19, 2007) ("a pro se plaintiff should be afforded an opportunity to amend his complaint prior to its dismissal for failure to state a claim unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") The plaintiff may *not* add new claims. But if the plaintiff does decide to amend his consolidated complaint, he should more fully explain the basis for the claims he has already asserted in his consolidated complaint. Fed. R. Civ. P. 8(a) requires the plaintiff to give a "short and plain statement" of the plaintiff's claims. A short and plain statement of the plaintiff's claims should contain all the facts necessary for the Court to understand what happened to the plaintiff and why he is bringing this lawsuit. It should explain what each defendant did or did not do which caused the plaintiff to sue the defendant. In other words, the plaintiff needs to tell his "story" as clearly as he can. Introduction of evidence at this time is not needed or appropriate. [2]

Accordingly, the defendants' motion to dismiss is GRANTED in part and RESERVED in part. All claims barred by the Eleventh Amendment, as detailed herein, are DISMISSED. The following claims are not barred:

1) a claim for reinstatement brought against one or more state officials under the ADA;

2) a claim for money damages and reinstatement brought against defendants under the family care provision of the FMLA;

3) a claim for reinstatement brought against one or more state officials under the self-care provision of the FMLA;

---

[2]The Court is aware that it is very difficult for a non-lawyer to represent himself in federal court. Therefore, the Court urges the plaintiff to try to find an attorney to represent him in this matter.

12

4) a claim for money damages and reinstatement brought against defendants under Title VII; and

5) a claim for reinstatement brought against one or more state officials alleging due process violations of the Fourteenth Amendment.

The Court RESERVES ruling on whether these claims have been adequately stated in the plaintiff's consolidated complaint. Plaintiff has until **Wednesday, September 16, 2009** in which to file an amended consolidated complaint which sets forth more fully the facts supporting his claims. The plaintiff may simply write out his complaint and file it in Case No. 1:07-cv-305. He does not need to file another complaint in case No. 1:08-cv-255 since these cases have been consolidated. After the plaintiff files his amended consolidated complaint, the defendants may file a supplemental brief in support of their second motion to dismiss which addresses the amended consolidated complaint. This brief will be due on or before **Friday, October 2, 2009.** Plaintiff may file a response to defendants' supplemental brief on or before **Monday, October 26, 2009.**

SO ORDERED.

ENTER:

Dated: July 24, 2009        s/William B. Mitchell Carter
                            UNITED STATES MAGISTRATE JUDGE

13