| | | |
|---|---|---|
| SHERNARD C. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOCCASIN BEND MENTAL HOSPITAL, | ) | Case No. 1:07-cv-305 |
| CYNTHIA HONEYCUTT, NANCY HOOPER, | ) | Magistrate Judge Carter |
| CHARLYNNE PARSON, ROB CATHERMAN , | ) | |
| JANET WILLIAMS, ABIGAIL HAMMONDS, | ) | |
| WILLIAM VENTRESS, HOLLY METCALF, | ) | (Lead Case) |
| TERRY JONES, DOUGLAS BENNETT, | ) | |
| SONNY SLATER, SCOTT LINDSAY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Consolidated |
| | ) | |
| SHERNARD C. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 1:08-cv-255 |
| TENNESSEE CIVIL SERVICE COMMISSION, | ) | Magistrate Judge Carter |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM

Plaintiff Shernard C. Stewart has filed a motion [Doc. 134] to alter or amend the

judgment entered in these consolidated cases in favor of defendants. For the reason stated herein,

this motion will be DENIED in part and GRANTED in part.

1

Background

Plaintiff Shernard Stewart filed a *pro se* complaint against his former employer, Moccasin

Bend Mental Hospital (Moccasin Bend)[1], and certain Moccasin Bend employees in Case No.

1:07-cv-305.  In a separate action, Plaintiff filed a claim against the Tennessee Civil Service

Commission (Commission) in Case No. 1:08-cv-255 which the Court consolidated with Case

No. 1:07-cv-305.  This consolidated action stems from Moccasin Bend's termination of the

plaintiff's employment and the subsequent decision by the Commission to uphold the

termination.  Among other claims, plaintiff brought claims against defendants alleging violations

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII); the Americans

with Disabilities Act, 42 U.S.C. § 12112 *et seq.*; his due process rights guaranteed by the

Fourteenth Amendment of the United States Constitution; and the Family Medical Leave Act, 29

U.S.C. § 2601 *et seq*.[2]

The defendants filed two motions to dismiss, and, finding them to be meritorious, the

Court entered judgment in favor of the defendants and against the plaintiff on September 9, 2009.

[Doc. 133, Case No. 1:07-cv-305; Doc. 44, Case No. 1:08-cv-255). Two days later, on

September 11, 2009, the plaintiff filed a paper entitled, "Federal Claims for Relief for Merits."

(Doc. 135, Case No. 1:07-cv-305; Doc. 47, Case No. 1:08-cv-255).  That same day, plaintiff filed

---

[1]According to Robert Grunow, Deputy Commissioner of the Tennessee Department of
Mental Health and Developmental Disabilities, the correct name for Moccasin Bend is Moccasin
Bend Mental Health Institute. *See* affidavit of Robert Grunow attached as Ex. 1 to defendants'
memorandum in support of their motion to dismiss, Doc. 107-1.

[2]The allegations in Mr. Stewart's complaint are more fully set out in the Court's
memorandums discussing the defendants' two motions to dismiss.  *See* the July 24, 2009
Memorandum and Order, Doc. 118 and the Sept. 8, 2009 Memorandum, Doc. 132.

a document entitled, "Motion for Relief from Judgment Rule 60(a) Correction Base [sic] on

Clerical Mistakes, Oversights and Omissions Amended Complaint" (Doc. 45, Case No. 1:08-cv-

255).  The plaintiff subsequently submitted other filings in Case No. 1:08-cv-255 which the

Court will treat as supplemental filings to his motion to alter or amend judgment. (*See* Docs. 49

and 51).  In Case No. 1:07-cv-305, plaintiff also filed additional documents which the Court will

treat as supplemental filings in support of his original motion to alter or amend.  (*See* Docs. 136,

137, 138, 139, 140 and 142).

## Analysis

Since Mr. Stewart's original motion was filed two days after judgment was entered in this

case, the motion shall be reviewed under the standard applicable to Fed. R. Civ. P. 59(e).

*Matheny v. KMart Corp.*, 2007 WL 2127661 *1 (W.D. Mich. Jul. 23, 2007) (citing *Inge v. Rock

Financial Corp*., 281 F.3d 613, 617 (6th Cir.2002) (where a party files a motion to alter or amend

judgment within ten days of the entry of judgment, that motion is to be treated as a motion to

alter or amend pursuant to Fed. R. Civ. P. 59(e)).  A court may grant a motion to alter or amend

pursuant to Rule 59(e) only for the following reasons: (1) a clear error of law exists; (2) there is

newly discovered evidence; (3) there is an intervening change in controlling law; or (4) to

prevent manifest injustice. *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th

Cir. 2006); *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999).

Plaintiff's post-judgment filings are reassertions of his original claims against the

defendants.  None of this information, however, contains or constitutes *newly discovered*

evidence.  Further, plaintiff has pointed to no intervening change in controlling law and identifies

no clear error of law save one.

3

Mr. Stewart has identified a mistake the Court made concerning the date on which he filed a claim against Moccasin Bend alleging discrimination and harassment on the basis of race. The Court stated the plaintiff had filed such a claim on December 15, **2005** when, in fact, Mr. Stewart alleged he had filed this claim on December 15, **2006.** *(See* Amended Complaint, Doc. 120, Case No. 1:07-cv-305). In dismissing Mr. Stewart's retaliation claim against Moccasin Bend brought pursuant to Title VII, the Court reasoned:

> Plaintiff also alleges he was retaliated against by being fired because he filed a race discrimination claim against Moccasin Bend on December 15, **2005.** To state a claim for retaliation in violation of Title VII, the plaintiff must allege facts establishing:
>
>> "(1)[he] engaged in activity protected by Title VII; (2) this exercise of protected rights was known to the defendant; (3) the defendant thereafter took an adverse employment action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action."
>
> *Thompson v. North American Stainless*, *LP*, 567 F.3d 804, 809 (6th Cir. 2009); *Martin* v. *Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 412 (6th Cir. 2008). Plaintiff's complaint provides no facts to establish a causal connection between his filing a discrimination complaint against Moccasin Bend and his termination. More than a year elapsed from the time he filed his complaint to the time he was terminated. Plaintiff's claim for retaliation is not plausible.

(Sept. 8, 2009 Memorandum on Defendants' Motion to Dismiss, Case No. 1:07-cv-305, Doc. 132.) (emphasis added). Because the Court was mistaken about when the discrimination and harassment claim was filed against Moccasin Bend, the issue before the Court now is whether the plaintiff can show the required causal link between the protected activity and the adverse action simply by looking at the proximity in time between plaintiff's filing a discrimination complaint against Moccasin Bend and plaintiff's termination from employment.

4

In its September 8, 2009 Memorandum on Defendants' Motion to Dismiss, the Court found that Mr. Stewart was notified on February 23, 2007 that Moccasin Bend was considering terminating his employment and that Moccasin Bend officially terminated him on March 29, 2007. (*See* Sept. 8, 2009 Memorandum on Defendants' Motion to Dismiss at 12, Case No. 1:07-cv-305, Doc. 132.) Thus only 69 days, not more than one year, elapsed from the time Mr. Stewart filed a discrimination and harassment claim against Moccasin Bend to the time Moccasin Bend notified him it was considering firing him.

To show a causal connection between the protected activity and the adverse employment action, a plaintiff must adduce sufficient evidence from which an inference can be drawn that the adverse action would not have been taken had the plaintiff not engaged in protected activity. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000) (citing *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir. 1997) and *Jackson v. RKO Bottlers*, 743 F.2d 370, 377 (6th Cir. 1984)). "The burden of establishing a *prima facie* case in a retaliation action is not onerous, but one easily met." *Nguyen*, 229 F.3d at 563 (citing *Avery*, 104 F.3d at 861). A causal link may be shown through knowledge of protected activity combined with closeness in time or temporal proximity. *Lindsay v. Yates*, 578 F.3d 407, 419 - 20 (6th Cir. 2009); *Tuttle v. Metro Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007). Where the time period between the protected activity and the adverse employment action is less than two months, the Sixth Circuit has held this to be sufficient. *Asmo v. Keane, Inc.*, 471 F.3d 588, 593 (6th Cir. 2006); *see also Singfield v. Akron Metropolitan Housing Authority*, 389 F.3d 555, 563 (6th Cir.2004) (termination just over three months after filing a discrimination charge was sufficient temporal proximity by itself to infer retaliatory motive for purposes of prima facie case); *DeBoer v. Musashi Auto Parts, Inc.*,

5

124 Fed. Appx. 387, 391 (6th Cir.2005) (court held that temporal proximity from August 24th when defendant learned of pregnancy to November 14th when defendant demoted the plaintiff was sufficient to establish a nexus).

Moccasin Bend notified Mr. Stewart that it intended to discharge him 69 days after he filed a charge of harassment and discrimination in the workplace on the basis of his race. This temporal proximity is sufficient to establish the nexus prong of a *prima facie case* for retaliation in violation of Title VII. Thus, the Court committed a clear error of law when it determined plaintiff failed to show a causal connection between the protected activity and the adverse employment action.

The allegations of the consolidated complaint also satisfy the other elements of a prima facie case for a retaliation claim under Title VII. Filing a complaint for racial discrimination and harassment is a protected activity under Title VII. *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 995 (6th Cir. 2009) ("Title VII prohibits retaliation against an employee 'because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' in connection with an allegedly unlawful employment practice.") (quoting 42 U.S.C. § 2000e-3(a)). Termination of employment is an adverse employment action. *Hollins v. Atlantic Co., Inc.*, 188 F.3d 652, 662 (6th Cir. 1999). Finally, plaintiff has alleged sufficient facts to raise a reasonable inference that Moccasin Bend knew plaintiff had filed a claim of racial harassment and discrimination against it when it decided to terminate plaintiff's employment. In paragraphs four and five of his amended complaint, Doc. 120, Case No. 1:07-cv-305, plaintiff indicates he filed his December 15, 2006 workplace harassment claim with the Human Resources Department at Moccasin Bend. Consequently, the Court concludes plaintiff has stated a prima facie case for

6

retaliation in violation of Title VII against Moccasin Bend.

Conclusion

Accordingly, the Court will enter an order in this action vacating judgment in part and reinstating one claim only – plaintiff's claim brought pursuant to Title VII against Moccasin Bend alleging Moccasin Bend terminated his employment in retaliation for his filing a claim of racial harassment and discrimination against Moccasin Bend. All plaintiff's other claims brought against defendants have been dismissed and will not be reinstated.

ENTER:

Dated: February 8, 2010                          s/William B. Mitchell Carter
                                                 UNITED STATES MAGISTRATE JUDGE

7